IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DERRICK SMITH, #A01044694, ) | CIV. NO. 16-00261 DKW/KSC |
| ) | |
| Petitioner, ) | ORDER TRANSFERRING |
| vs. ) | SECOND OR SUCCESSIVE |
| ) | PETITION AND DENYING |
| STATE OF HAWAII, SAGUARO ) | MOTION FOR APPOINTMENT OF |
| CORR. CTR., ) | COUNSEL |
| ) | |
| Respondents. ) | |
| _____ ) | |

**ORDER TRANSFERRING SECOND OR SUCCESSIVE PETITION
AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**I.  INTRODUCTION**

Before the court is Derrick Smith's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Pet., Doc. No. 1.  Smith challenges his August 23, 2004 judgment of conviction and sentence in the Circuit Court of the First Circuit, State of Hawaii ("circuit court").  *See State v. Smith*, FC-Cr. No. 03-1-0027, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (Hawai`I State Judiciary's Public Access to Court Information, ("Ho`ohiki")) (last visited 5/25/2016).

## II.  **BACKGROUND**

In 2006, Smith unsuccessfully challenged his state criminal conviction in FC-Cr. No. 03-1-0027 in this court pursuant to 28 U.S.C. § 2254.  *See Smith v. Hawaii*, Civ. No. 06-00618 SOM/KSC (D. Haw. 2006).  In this earlier petition, Smith alleged that the circuit court erred by: (1) admitting Smith's statement, made seven weeks before his son's death, "Do you want me to drop that baby over the balcony?" (Ground One); (2) allowing Smith's full-length photograph to be introduced at trial (Ground Two); and (3) permitting the prosecutor to use PowerPoint slides during opening statement and closing argument that contained allegedly inappropriate text, a photograph of Smith's newborn son, autopsy photographs of the baby, and Smith's full-length photograph (Ground Three).  *See* Civ. No. 06-00618, Am. Pet., Doc. No. 7; *see also* Findings and Recommendation to Deny the Amended Petition, Doc. No. 21.

On May 15, 2007, the magistrate judge found that Grounds One and Three were without merit, and Ground Two was procedurally barred, and recommended denying the Petition in its entirety and dismissing with prejudice.  *Id.*, Doc. No. 21, PageID #1101.  Smith did not file objections.

On June 26, 2007, District Judge Susan Oki Mollway adopted the Findings and Recommendations.  Doc. No. 23.  Smith appealed, and Judge Mollway granted a certificate of appealability.  Doc. Nos. 26, 29.

On December 19, 2008, the Ninth Circuit Court of Appeals affirmed. App. No. 07-16319; *see also* Civ. No. 06-00618, Doc. No. 39. On October 5, 2009, the United States Supreme Court denied certiorari. Civ. No. 06-00618, Doc. No. 41.

In 2010, Smith challenged his conviction and sentence in the state court pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. *See Smith v. State*, 1:PR-10-1-000007 (S.P.P. No. 10-1-0007). Smith alleged he had received ineffective assistance of trial counsel. The Intermediate Court of Appeals ("ICA") affirmed the circuit court's order denying the post-conviction petition. *Id.*; *see also Smith v. State*, No. CAAP-14-0000737, 2015 WL 1959256, at *7 (Haw. App. April 30, 2015). The Hawaii Supreme Court rejected certiorari on August 7, 2015. *See id.*, 2015 WL 4724937, at *1.

Smith filed the present Petition on May 23, 2016. Civ. No. 16-00261, Doc. No. 1. He raises one claim for relief: that his trial counsel was ineffective for failing to contact an expert witness, John Plunkett, M.D., to rebut the State's expert witness, Dr. Kanthe Von Guenther, Medical Examiner.

### III. **DISCUSSION**

Prior to filing a second or successive petition in the district court, "the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). The appellate court "shall" dismiss claims that were presented

3

in a prior petition. 28 U.S.C. § 2244(b)(1); *Magwood v. Patterson*, 561 U.S. 320, 330 (2010). The appellate court may authorize claims that were never presented in a prior petition if -

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Smith's first federal petition was denied on the merits, and his state court judgment of conviction and sentence has not been overturned or otherwise amended since then. Because only the Ninth Circuit Court of Appeals can authorize this court to consider a second or successive petition for writ of habeas corpus, this court lacks jurisdiction to consider the present Petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

## IV. <u>CONCLUSION</u>

The Petition is TRANSFERRED to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631. This transfer does not constitute compliance with § 2244(b)(3); instead, Smith must still file a motion for leave to

proceed and make the showing required by § 2244(b)(2), and must do so before the Court of Appeals subsequent to transfer.

Smith's Motion for Appointment of Counsel is DENIED.

The Clerk of Court is directed to close this case and transfer all original documents to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED: June 1, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Derrick Smith v. State of Hawaii*; Civil No. 16-00261 DKW/KSC; **ORDER TRANSFERRING SECOND OR SUCCESSIVE PETITION AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

*Smith v. Hawaii*, Civ. No. 16-00261 DKW/KSC; psa habeas 2016\2d Scsv\Smith 16-261 DKW